# Anderson *v.* Pittsburg, Bessemer & Lake Erie Railroad Company, Appellant.

*Common carriers—Railroads—Negligence—Evidence.*

In an action against a railroad company to recover damages for injuries to a car load of fruit and honey, it appeared that the shipment was made at a double first-class rate on a refrigerator car. When the car reached its destination, it was placed on a delivery siding, and the consignee removed a small portion of its contents. He then locked the car, having all of the next day to unload without being subject to demurrage charges. When he opened the car the next day he found the contents crushed and shoved into a mass and greatly injured. There was evidence from which it might be inferred that this was caused by the violent forcing of other cars against the one in question. *Held* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued May 15, 1906.    Appeal, No. 59, April T., 1906, by defendant, from judgment of C. P. Butler Co., Dec. T., 1903, No. 51, on verdict for plaintiff in case of B. C. Anderson v. The Bessemer & Lake Erie Railroad Company.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Trespass against a common carrier for loss on goods.    Before THOMAS, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $275.03.    Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Lev. McQuiston,* for appellant.—Ordinary care under the circumstances was all the law required of defendants as bailee: Shenk v. Phila. Steam Propeller Co., 60 Pa. 109; Needy v. R. R., 22 Pa. Superior Ct. 489; Allam v. R. R., 183 Pa. 174; R. R. Co. v. Midvale Steel Co., 201 Pa. 624; Steamship Co. v. Smart, 107 Pa. 492; Lamb v. R. R., 46 N. Y. 271; Adams Express Co. v. Sharpless, 77 Pa. 516; Penna. R. R. v. Raiordon, 119 Pa. 577; Davenport v. R. R., 173 Pa. 398; Wagner

v. Traction Co., 212 Pa. 132 ; Patterson v. Clyde, 67 Pa. 500 ;
Gashweiler v. R. R., 83 Mo. 112 ; Fairchild v. R. R., 148 Pa.
527.

*J. W. Hutchinson,* with him *Murrin & Murrin,* for appellee.
—Under the law the plaintiff might have rested with proof of
the destruction of the goods, and it would then have been the
duty of defendant company to account for the loss in such a
way as not to implicate itself in a charge of negligence. No
direct proof of negligence was required of the plaintiff until
defendant did so account : Steamship Co. v. Smart, 107 Pa.
492 ; Henderson v. R. R., 144 Pa. 461.

OPINION BY ORLADY, J., June 30, 1906 :

The plaintiff shipped a carload of goods, consisting of about
3,500 baskets of grapes, pears and honey, from Ripply, N. Y.,
to Butler, Pa., via the defendant's railroad. The classifica-
tion of the freight required that a double first-class rate should
be paid, and to secure the safe and careful transportation of
the goods they were carried in a refrigerator car, which arrived
at Butler, Pa., some time during the afternoon of Saturday,
November 15. This was considered a half holiday, and a Sun-
day following, the delivery of the goods was delayed until
Monday, November 17.

There was no substantial controversy as to the facts. The
car arrived in a safe condition, and was placed on what is
known as an interchange or delivery siding of the defendant
company, so that the contents could be removed by the con-
signee. When the car was opened on Monday the goods were
found to be in a safe condition, and 100 baskets of fruit were
removed ; the plaintiff fastened the car door and retained the
key. When he returned on Tuesday morning to take out the
balance of the goods, it was found that the car had been moved
about two car lengths along the tracks from where it had been
standing the preceding evening, and the contents were in so
confused and damaged a condition that he unqualifiedly re-
fused to receive them. A number of witnesses, both of the
plaintiff and defendant, described them as " smashed to-
gether," " crushed and shoved into a mass from one end of
the car," " jammed as though two cars had run together."

It was further shown that the local freight agent and another official of the company made a prompt examination of the cause of the accident, and notified the company that the damage was done by the switching of cars in the company's yard.

Under the rules then in force the car was placed by the defendant company where it intended that the plaintiff should remove its contents, and the plaintiff had the right to the use of the car for that purpose, during the whole of Tuesday without being liable for any demurrage charge. The facts show conclusively that the injury to the contents of the car was due to the exertion of great force, suddenly applied to the north end of the car and that it was not produced by any causes exerted within the body of the car. After some controversy between the local freight agent and the plaintiff, an arrangement was made by which he should dispose of the damaged goods at the best price to be obtained therefor, which was done, and his claim in this action is for the actual loss he sustained; being the difference between the fair market value of the fruits and the price he received for them.

The plaintiff did not show the actual cause of the injury, and it would be hardly possible for him to do so, the car being in a safe condition Monday night and the injury to the goods occurring during the nighttime, when he had no business or right about the defendant's tracks. Nor did the defendant offer any explanation in regard to it. The whole question was carefully investigated through the witnesses called at the trial, and there was sufficient direct evidence in the case to justify the jury in finding that the violent forcing of other cars against this one, was the immediate cause of the injury to the goods. The defendant conceded that while the car was on the interchange switch in process of unloading, it was its duty to exercise ordinary care over it, and having exclusive control of the track on which the car was standing, it would be contrary to reason to impute any other cause of injury than one over which the railroad company had control. The general injury to the contents of the car, as detailed by the witnesses, would negative the idea that the car had been carefully moved, even if it had been necessary to transfer it for emergency purposes. The facts were necessarily few in number, and the reasonable and natural inference to be drawn from them, confirmed the con-

clusion reached by the defendants when they investigated the case while the facts were fresh and easily secured.

When an inference of negligence is sufficiently raised to carry the case to a jury, and there is no countervailing proof to offer to it, the jury are warranted in basing their verdict on such inference, or, as stated by Mr. Justice FELL in Morgan v. Electric Co., 213 Pa. 151, conditions were shown to exist which indicated very clearly the cause of the death, and no other cause being shown the jury were warranted in finding that this was the cause. The defendant's rights under the terms of the contract of shipment and its particular duty as warehouseman or bailee after the technical delivery, are not controlling questions in the case. The character of the shipment, the special freight charge exacted, the refrigerator car, its location on the delivery siding, the time within which the plaintiff had the right to unload it, the nature of the injury and the resulting damage, were proper items of proof for the jury in determining whether the defendant used care according to the circumstances, and this was practically the only question submitted to them.

The judgment is affirmed.